**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SAAD EL WARDANY,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>CITY OF SAN JACINTO, a municipal corporation,<br><br>            Defendant - Appellee. | No. 11-55879<br><br>D.C. No. 5:09-cv-00299-RRP-MAN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Rebecca R. Pallmeyer, District Judge, Presiding

Submitted February 14, 2013[**]
Pasadena, California

Before: GOODWIN, KLEINFELD, and SILVERMAN, Circuit Judges.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Saad El Wardany appeals from the district court's grant of summary judgment in favor of the City of San Jacinto on each of his claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and now affirm.

There can be no procedural due process violation without a protected property or liberty interest and, under state law, Wardany has no legally protected interest in any particular level of accessibility to the street in front of his store, let alone continuous, unrestricted and unmodified access. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577-78 (1972); *People v. Ayon*, 54 Cal. 2d 217, 222-24 (1960). Wardany's store remains accessible in a variety of ways; the only change effected by the median's construction is that a *direct* lefthand turn into his property is no longer possible. Even if such an interest were cognizable, Wardany was not entitled to individualized notice and a hearing, because he was just one of many affected property owners along the stretch of road subject to the new median, and he was not "exceptionally affected." *Harris v. Cnty. of Riverside*, 904 F.2d 497, 502 (9th Cir. 1990). Finally, the City claims that it did in fact mail notice of the planned construction to all affected landowners including Wardany, but Wardany denies receiving it. Public hearings were held on the road improvement project, including the planned median construction. Any factual dispute over the

2

sufficiency of the notice is immaterial though, because Wardany has not identified any entitlement or interest to make out a procedural due process claim.

With respect to Wardany's equal protection claim, there is no record evidence to create a genuine issue for trial on Wardany's claims of discriminatory treatment on the basis of race or national origin, and the differential treatment of his business. There is no direct or circumstantial evidence of discriminatory intent, just his own speculation, which does not create a triable issue. *Darensburg v. Metro. Transp. Comm'n*, 636 F.3d 511, 522 (9th Cir. 2011) (citing *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 266 (1977)); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The signage enforcement episode that Wardany relates at most establishes that a city official may have too brusquely asked to speak with someone who speaks fluent English. That is insufficient to create a triable issue on Wardany's intentional racial discrimination claim. Additionally, the evidence does not support the conclusion that Wardany's store has been singled out by the City. Other stores have been affected by the lack of openings in the new median, and have been issued notices of signage rule violations. Indeed, some businesses have received citations and fines, while Wardany has not. Moreover, there is no evidence that the City

3

discriminated against Wardany when it denied his cell tower application. The denial was a proper application of the City's zoning regulations.

Wardany's First Amendment retaliation claim fares no better. While Wardany's September 2008 petition surely constitutes protected First Amendment activity, he has failed to adduce any evidence of a causally-linked, adverse action. *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). The median's construction was already in the works prior to his petition and it proceeded according to plan. The denial of the cell tower application was mandated by zoning laws and, in any event, no revised application seeking a variance or zone change was ever submitted. Finally, the measures taken against Wardany's signage violations do not betray any retaliatory motive. He was only issued notices of violation, never citations or fines. Moreover, Wardany fails to show a connection between his September 2008 petition and an isolated episode in which a city official took down signs in his store and asked to speak to someone fluent in English. Judgment as a matter of law was properly entered.

As to the Establishment Clause claim, "[t]o be constitutional, the government conduct at issue must: (1) have a secular purpose, (2) have a primary effect that neither advances nor inhibits religion, and (3) not foster an excessive government entanglement with religion." *Barnes-Wallace v. City of San Diego*,

4

Nos. 04–55732, 04–56167, 2012 WL 6621341, at *11 (9th Cir. Dec. 20, 2012) (citing *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971)). This claim goes unsupported by any evidence in the record. Wardany relies on speculation alone to suggest there is a connection between his issues with the City and his perception that an adjacent church wishes to buy his property.

There is also no evidence to create a genuine issue of material fact sufficient to defeat summary judgment on Wardany's Takings Clause claim. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537-39 (2005).

Wardany's claim for inverse condemnation under Article I, Section 19 of the California Constitution fails for the same reason. *Ayon*, 54 Cal. 2d at 221-24. This constitutional test largely tracks the federal standard. *Oliver v. AT&T Wireless Servs.,* 76 Cal. App. 4th 521, 530 (1999). On similar facts, the California Supreme Court has expressly rejected an inverse condemnation claim, stating: "The property owner has no constitutional right to compensation simply because the streets upon which his property abuts are improved so as to affect the traffic flow on such streets." *Ayon*, 54 Cal. 2d at 223-24 (quotation marks and citations omitted).

Finally, since Wardany has failed to identify a genuine issue of material fact on any of his alleged violations of the U.S. Constitution, the claim of liability

under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978), is moot and judgment as a matter of law was appropriate.

Accordingly, the district court's order granting summary judgment on all claims is **AFFIRMED**.